RECEIVED
12/22/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CAT 2
MBH

JUDGE BLAKEY
MAGISTRATE JUDGE COLE
22-CV-7223

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>START CONNECTING LLC, DOUGLAS R GOODMAN, DORIS E GALLON-GOODMAN, and JUAN SEBASTIAN ROJAS,<br><br>*Defendants*. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Automatic Telephone Dialers Act, against Defendants Start Connecting LLC ("Start Connecting"), Douglas R Goodman ("Mr. Goodman"), Doris E Gallon-Goodman ("Mrs. Goodman"), and Juan Sebastian Rojas ("Juan Rojas"), (collectively "Defendants"), and alleges based on personal knowledge and information and belief:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227.

3. This case involves a campaign by Defendants which placed illegal, automated pre-recorded calls to Plaintiff's cell phone, without his prior express consent.

## JURISDICTION AND VENUE

1

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.
5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made.
6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.
8. Defendant Start Connecting LLC ("Start Connecting") is a Florida LLC, with 1412 Pine Bay Dr Sarasota, FL 34231 as its principal address and a registered agent of Douglas R Goodman at the same.
9. Defendant Douglas R Goodman ("Mr. Goodman") is the President of Start Connecting and is located at the same address.
10. Defendant Doris E Gallon-Goodman ("Mrs. Goodman") is a Manager of Start Connecting and is located at the same address.
11. Defendant Juan Sebastian Rojas ("Juan Rojas") is a Manager of Start Connecting and is located at the same address.
12. Defendants are each a person as defined by 47 U.S.C. § 153(39).
13. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

14. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).
15. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).
16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"
>
> I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

17. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

18. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

19. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

20. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

21. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

22. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

23. In Illinois, the ATDA prohibits tampering or interfering with the functions of Caller ID. 815 ILCS 305/15(d).

## ALLEGATIONS

24. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.
25. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.
26. Plaintiff is the account holder and customary user of his phone number.
27. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.
28. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.
29. Plaintiff was within this District when he received the telephone call at issue in this action.
30. Defendants Douglas R Goodman, Doris E Gallon-Goodman, and Juan Sebastian Rojas, as officers of the company, directed, oversaw, and controlled the telemarketing conduct alleged in this complaint. This may have included for example selecting the dialing platforms to be used, overseeing any marketing campaigns which included creating the pre-recorded message, and actually authorizing the dialing.
31. **Call 1.** On or about November 8, 2019, at 12:59 PM Chicago time, Plaintiff received a call from Defendants, from 615-247-5028.
32. Plaintiff missed this call.
33. Defendants left a voicemail of "This is Bree Smith and I'm calling in reference to your student loan we would like to discuss the repayment options with the new changes I have recently gone into effect for the student forgiveness program my number is 888-712-0594 I look forward to speaking with you soon…"
34. A search online of telephone number 888-712-0594 results in several results concerning similar calls received by others, including https://www.nomorobo.com/lookup/888-712-0594 and https://800notes.com/Phone.aspx/1-888-712-0594.
35. The voicemail left was a pre-recorded message.

36. Plaintiff called the telephone number 888-712-0594 on November 16, 2022, for investigation purposes.

37. Plaintiff spoke with an "Alice Lopez" during the call who stated she was with "USA Student Debt Relief."

38. Alice emailed Plaintiff information concerning the student loan debt relief programs on November 16, 2022, from an email domain of http://usastudentdebtrelief.com.

39. The website https://usastudentdebtrelief.com identifies an address of 1412 Pine Bay Drive Sarasota Fl 34231. See https://web.archive.org/web/20221219151201/https://usastudentdebtrelief.com/.

40. The Better Business Bureau ("BBB") website for "USA Student Debt Relief," which lists the website provided to Plaintiff in the email, https://www.bbb.org/us/fl/sarasota/profile/student-loan-services/usa-student-debt-relief-0653-90400955, lists "Start Connecting LLC" as an "alternate business name."

41. The BBB listing includes several customer complaints concerning telemarketing. https://www.bbb.org/us/fl/sarasota/profile/student-loan-services/usa-student-debt-relief-0653-90400955/complaints.

42. Defendants worked in concert in their telemarketing scheme to send out a pre-recorded message to Plaintiff.

43. The conduct alleged in this action was made willful and knowingly.

44. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

45. Defendants did not have any consent to call Plaintiff.

46. Defendants are not an organization exempt from the TCPA.

47. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

48. The impersonal and generic nature of Defendants' call shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.

49. In total, Defendants and/or their affiliates placed at least one (1) automated pre-recorded message to Plaintiff.

50. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.
51. Defendants have a pattern and/or practice of failing to comply with the TCPA.
52. The foregoing acts and omissions were in violation of the TCPA.
53. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.
54. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).
55. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).
56. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.
57. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.
58. Plaintiff is also entitled to an award of costs.
59. Defendants' call was not made for "emergency purposes."
60. Defendants' call to Plaintiff were made without any prior express written consent.
61. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.
62. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.
63. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.
64. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

65. Plaintiff, in discovery will identify additional telephone calls made by Defendants' and or their agents or affiliates, and requests leave to amend the complaint after identifying.
66. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.
67. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.
68. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

69. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
70. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasion in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.
71. Plaintiff was statutorily damaged at least one (1) occasion under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.
72. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1

73. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
74. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).
75. Defendants did not have the consent to play a prerecorded message placed by an autodialer.

76. Nonetheless, Defendants or one of their affiliates or vendors impeded the function of caller ID and played a pre-recorded message.

77. The ATDA allows for the recovery of statutory damages of $500 per violation.

78. Defendants violated the ATDA's pre-recorded message provisions each time it called Plaintiff.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and or severally, in an amount to be more fully determined at trial, but at least $2,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages under the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305/1;

E. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

F. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Any other relief this Court deems proper.

Respectfully submitted,

Dated: December 22, 2022  /s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

8